MICHAEL A. SANDS (CSB NO. 178788)
msands@fenwick.com
MICHELLE CAI (CSB NO. 238838)
mcai@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:      (650) 938-5200

FEI-FEI CHAO, Ph.D., *pro hac vice*
feifeichao@andrewskurth.com
THOMAS R. KLINE, *pro hac vice*
thomaskline@andrewskurth.com
ANDREWS KURTH LLP
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone:     (202) 662-2700
Facsimile:      (202) 662-2739

Attorneys for Defendant
ITEQ CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COATEK, INC.,<br><br>                 Plaintiff,<br><br>        v.<br><br>ITEQ CORPORATION AND DOES 1<br>THROUGH 20, INCLUSIVE,<br><br>                 Defendant. | Case No.  C 09-03514 RS<br><br>**DEFENDANT ITEQ CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 12(b)(6)**<br><br>Date:          September 16, 2009<br>Time:         9:30 a.m.<br>Courtrm:    4, 5th Floor<br>Judge:        Mag. Judge Seeborg |

1

## **TABLE OF CONTENTS**

NOTICE OF MOTION ............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

INTRODUCTION ................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .................................................................. 2

BACKGROUND AND PROCEDURAL HISTORY ......................................................... 2

ARGUMENT ........................................................................................................................... 3

I.   STANDARD OF REVIEW FOR FED. R. CIV. P. 12(b)(6)
     MOTION TO DISMISS ............................................................................................ 3

II.  ALL COATEK'S CAUSES OF ACTION FAIL TO STATE A CLAIM. ......................... 4

  A.  Coatek's First And Second Causes Of Action For Trade Secret
      Misappropriations Should Be Dismissed. .................................................... 4

    1.  Coatek's First Cause of Action Fails To State a Claim for Statutory
        Misappropriation of Trade Secrets ........................................................ 4

    2.  Coatek's Allegations that ITEQ's Conduct was Willful and Malicious Lack
        Specificity. ............................................................................................... 6

    3.  Coatek's Second Cause of Action for Common Law Misappropriation
        is Preempted and Should Be Dismissed. ............................................... 6

  B.  Coatek's Third Cause Of Action For Breach Of Confidential Relationship
      Should Be Dismissed. ...................................................................................... 7

  C.  Coatek's Fourth Claim For Inducing Breach Of Contract And Intentional
      Interference With Actual/Potential Economic Relationships Should Be Dismissed. ...... 8

    1.  Coatek Fails To State a Claim for Inducing Breach of Contract. ............... 8

    2.  Coatek Fails To State a Claim for Intentional Interference with
        Actual/Potential Economic Relationships. ............................................ 9

  D.  Coatek's Fifth Cause Of Action For Statutory Unfair Competition
      And Trade Practices Fails To State A Claim. .............................................. 10

    1.  Coatek Fails To State a Claim for Violation of California
        Business and Professions Code § 17200. ............................................ 10

    2.  Coatek Fails To State a Claim for Violation of California Business
        and Professions Code § 17000. ............................................................ 11

  E.  Coatek Is Not Entitled To A Permanent Injunction. .................................. 11

  F.  Coatek's Requests For Excessive Relief Must Be Rejected. ....................... 12

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

i

1

## TABLE OF CONTENTS

2   III.  COATEK'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT
          SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(B)(5). ........................... 14

3

4        A.    Standard Of Review For Fed. R. Civ. P. 12(B)(5) Motion. .......................................... 14

5        B.    Coatek's Service Of Process Was Insufficient ................................................................ 14

6   CONCLUSION ................................................................................................................. 17

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ITEQ'S MOTION TO DISMISS COMPLAINT                          CASE NO. C 09-03514 RS

1

# TABLE OF AUTHORITIES

2

**CASES**                                                              **PAGE(S)**

3

4

ABBA Rubber Co. v. Seaquist,
    235 Cal. App. 3d 1 (1991)................................................................. 5, 13

5

Agarwal v. Pomona Valley Medical Group, Inc.
(In re Pomona Valley Medical Group, Inc.),
    476 F.3d 665 (9th Cir. 2007)) ....................................................... 10

6

7

American Paper & Packaging Prod. Inc. v. Kirgan,
    183 Cal. App. 3d 1318 (1986)............................................................ 5

8

Balboa Insurance Co. v. Trans Global Equities,
    218 Cal. App. 3d 1327 (1990)............................................................ 7

9

10

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)................................................................. 3, 5, 13

11

Belodoff v. Netlist, Inc.,
    2008 LEXIS 45289 (C.D. Cal. May 30, 2008) ................................. 3

12

13

Brockmeyer v. May,
    383 F.3d 798 (9th Cir. 2004)........................................................... 16

14

Cassim v. Bowen,
    824 F.2d 791 (9th Cir. 1987)........................................................... 13

15

16

Clegg v. Cult Awareness Network,
    18 F.3d 752 (9th Cir. 1994)............................................................... 3

17

Emine Tech. Co. Ltd. v. Aten International Co. Ltd.,
    2008 U.S. Dist. LEXIS 95136 (N.D. Cal. Nov. 21, 2008)........................ 14, 16

18

Epstein v. Wash. Energy Co.,
    83 F.3d 1136 (9th Cir. 1996)............................................................. 3

19

20

eBay Inc. v. MercExchange, L.L.C.,
    547 U.S. 388 (2006)......................................................................... 12

21

Fujitsu Ltd. v. Nanya Tech. Corp.,
    2007 U.S. Dist. LEXIS 13132 (N.D. Cal. Feb. 9, 2007)................................. 16

22

Hilb v. Robb,
    33 Cal. App. 4th 1812 (1995) ......................................................... 13

23

24

K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.,
    171 Cal. App. 4th 939 (2009) ........................................................... 6

25

Khoury v. Maly's of California, Inc.,
    14 Cal. App. 4th 612 (1993) ..................................................... 10, 11

26

27

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal. 4th 1134 (2003) .................................................................... 9

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

iii

# <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                          **PAGE(S)**

Martone v. Burgess,
    2008 U.S. Dist. LEXIS 68434 (N.D. Cal. Aug. 25, 2008) .................................................. 6

Nelson v. Avondale Homeowners Association,
    172 Cal. App. 4th 857 (2009) ...................................................................................... 13

Oakland Tribune, Inc. v. Chronicle Public Co.,
    762 F.2d 1374 (1985) .................................................................................................. 13

Papasan v. Allain,
    478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ........................................ 3, 8

Sanders v. Apple, Inc.,
    2009 U.S. Dist. LEXIS 6676 (N.D. Cal. Jan. 21, 2009) ........................................... 11

Sargent Fletcher, Inc. v. Able Corp.,
    110 Cal. App. 4th 1658 (2003) ..................................................................................... 4

Seaman's Direct Buying Serv., Inc. v. Standard  Oil Co.,
    36 Cal. 3d 752 (1984) ................................................................................................... 9

Stansfield v. Starkey,
    220 Cal. App. 3d 59 (1990) .......................................................................................... 7

Summit Machine Tool Manufacturing Corp. v. Victor CNC System,
    7 F.3d 1434 (9th Cir. 1993) .......................................................................................... 8

Whitty v. First Nationwide Mortg. Corp.,
    2006 U.S. Dist. LEXIS 87242 (S.D. Cal. Dec. 1, 2006) ...................................... 10, 11

Winter v. NRDC, Inc.,
    129 S. Ct. 365 (2008) ................................................................................................. 12

**FEDERAL STATUTES AND RULES**

28 U.S.C. § 1441 ................................................................................................................ 2

Fed. R. Civ. P. 4 .................................................................................................... 14, 15, 16

Fed. R. Civ. P. 9(b) ............................................................................................................. 5

Fed. R. Civ. P. 12(b)(5) .............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) .............................................................................................. *passim*

**STATE STATUTES**

California Uniform Trade Secrets Act ("UTSA"), Cal. Civ. Code § 3426 *et seq.* .................... 4, 5

California Business and Professions Code § 17000 .................................................... 11, 13

California Business and Professions Code § 17200 .................................................... 11, 13

iv

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 16, 2009, or as soon as this matter may be heard in Courtroom 4 on the 5th Floor of the above-entitled Court, defendant ITEQ Corporation ("ITEQ") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6) to dismiss with prejudice plaintiff Coatek Inc.'s ("Coatek") filed Complaint.

ITEQ seeks dismissal of all causes of action of Coatek's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted.  This motion is based on this Notice, the following Memorandum of Points and Authorities, the accompanying Declaration of Kim Chang, all pleadings and papers filed in this matter, oral argument by counsel, and other matters that properly may be received by the Court.  A proposed form of order is submitted herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The deficient effort Coatek undertook in putting together the instant lawsuit is evident both on the face of its barebones Complaint and from the insufficient service of process upon ITEQ, a corporation incorporated and with its principal offices in Taiwan.  As a result, Coatek's causes of action lack the plausibility and specificity required to survive the instant Motion to Dismiss.

Coatek's causes of action consist almost exclusively of legal statements that merely repeat the elements of each claim.  Absent from the Complaint are specific factual allegations, thus revealing the claims to be without adequate basis under Fed. R. Civ. P. 12(b)(6).  In addition, Coatek's plainly improper service of process on ITEQ provides an entirely separate grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(5).  In short, ITEQ submits that Coatek's Complaint should be dismissed in its entirety.

1

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Coatek's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6); and

2.      Whether Coatek's Complaint should be dismissed for insufficient service of process on ITEQ pursuant to Rule 12(b)(5).

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Coatek, Inc. ("Coatek") filed this Action against Defendant ITEQ Corporation ("ITEQ") in the Superior Court of California, County of Santa Clara on or about June 29, 2009. On or about July 2, 2009, ITEQ – which is a corporation incorporated in Taiwan, Republic of China, with no offices in the United States – received an Express Mail envelope at its principal offices in Taiwan.  The envelope was addressed to ITEQ's CEO Michael Kao from Gregory Charles of Campeau Goodsell Smith, counsel for Coatek.  Inside was an white envelope containing a Summons, a Civil Case Cover Sheet, a Civil Lawsuit Notice, and the Complaint in this Action.  Notably, page 2 of the Complaint was missing.

The Express Mail was received by the gate guard of ITEQ, who delivered the mail to an Administrator, who in turn forwarded the mail to the Law Department of ITEQ.  Upon receipt of the Express Mail, ITEQ immediately contacted its counsel in the U.S. to handle this matter.

On or about July 27, 2009, ITEQ received another Express Mail through the same means of delivery, containing a Notice of Motion and Motion for a Preliminary Injunction, a Memorandum of Points and Authorities in Support of Motion for a Preliminary Injunction, and a Declaration of Quang Uong in Support of Motion for a Preliminary Injunction.  Attached to the Declaration are four exhibits, wherein Exhibit 1 is stated as "filed under seal."  Nevertheless, the content of Exhibit 1 is included in the Express Mail.

On July 31, 2009, ITEQ filed a Notice of Removal under 28 U.S.C. § 1441 in this Court. Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), ITEQ files the instant Motion to Dismiss.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

# ARGUMENT

## I.  STANDARD OF REVIEW FOR FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS.

Except for pleading fraud and other special matters, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief []."  To plead fraud, Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud…."  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007) (citation omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Instead, the allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. (citations omitted).

Therefore, the complaint must set forth enough facts to state a claim that is "plausible on its face," that is, "plausibly suggesting (not merely consistent with)" a right to relief.  *Id.* at 570, 557.  *Twombly* "serves to remind the district courts that they are entitled to 'insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'"  *Belodoff v. Netlist, Inc.*, 2008 LEXIS 45289, at *32 (C.D. Cal. May 30, 2008) (quote omitted).

The Court need not accept as true any conclusory allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences.  *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Coatek's complaint cannot withstand this level of scrutiny.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  **II.    ALL COATEK'S CAUSES OF ACTION FAIL TO STATE A CLAIM.**

2      **A.    Coatek's First And Second Causes Of Action For Trade Secret
           Misappropriations Should Be Dismissed.**

3          **1.    Coatek's First Cause of Action Fails To State a Claim for Statutory
               Misappropriation of Trade Secrets.**

4

5      In its First Count, Coatek alleges that ITEQ violated California's Uniform Trade Secrets

6  Act, Cal. Civ. Code § 3426 *et seq*., but fails to allege specific facts to make out a claim.  Coatek

7  describes its "trade secrets" as "customer information, customer lists, customer leads, bids,

8  specifications, material lists, business plans, marketing strategies and other proprietary

9  information."  *Complaint* ("Compl.") ¶ 39.

10     Under California law, an action for misappropriation of trade secrets "requires the plaintiff

11 to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or

12 used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged

13 the plaintiff."  *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665-66 (2003),

14 *citing* Cal. Civ. Code § 3426.1 and *Frantz v. Johnson* 116 Nev. 455, 466 (2000) (Nevada

15 Supreme Court discussing similar elements for the same provision of the Uniform Trade Secrets

16 Act).

17     Coatek's Complaint fails to establish a *prima facie* claim for misappropriation of trade

18 secrets most noticeably because *Coatek never alleges that it provided the Customer List to ITEQ*.

19 *Compl.* ¶¶ 26-31.  Coatek alleges only that ITEQ requested a copy of the List (*id.* ¶ 26), but *never*

20 *alleges* that Coatek had indeed provided "forecasts and purchase volume information" and a

21 customer list to ITEQ.  *Id.* ¶ 31.  Without such an allegation, even if, assuming *arguendo*, that the

22 customer List, forecasts and purchase volume information are Coatek's trade secrets, ITEQ could

23 not possibly misappropriate Coatek's trade secrets since ITEQ would not have in its possession

24 Coatek's trade secrets.  Therefore, Coatek cannot make out a claim for misappropriation of trade

25 secrets.

26     Moreover, even if Coatek alleged that it transmitted the List and related information to

27 ITEQ, its description of those materials does not satisfy California's definition of "trade secret":

28

4

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1
2
3
4

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

5    Cal. Civ. Code § 3426.1(d).  *See also ABBA Rubber Co. v. Seaquist,* 235 Cal. App. 3d 1, 18

6    (1991) ("The definition consists of three elements: (a) information (b) which is valuable because

7    unknown to others and (c) which the owner has attempted to keep secret."). While, in an

8    appropriate instance, customer lists may qualify as trade secrets (*American Paper & Packaging*

9    *Prod. Inc. v. Kirgan*, 183 Cal. App. 3d 1318, 1323-24 (1986)), Coatek merely restates the

10   definition of trade secrets without supporting its claim with substantive factual allegations.  *See*

11   *Compl.* ¶¶ 25, 39-40.  Such an approach cannot sustain their claim.  *Twombly*, 550 U.S. at 555 ("a

12   formulaic recitation of the elements of a cause of action will not do.").

13        The Complaint also lacks any allegation that ITEQ acquired, disclosed, or used Coatek's

14   "trade secrets" through improper means.  According to California Civil Code §

15   3426.1(a), "improper means" includes theft, bribery, misrepresentation, breach or inducement of

16   a breach of a duty to maintain secrecy, or espionage through electronic or other means.  Nowhere

17   in the Complaint does Coatek plausibly allege the "improper means" through which ITEQ

18   obtained the "information" that Coatek views as trade secrets.

19        Coatek apparently relies on an email exchange between it and ITEQ to make its

20   misappropriation claim (*Compl.* ¶¶ 28-32).  These communications, however, merely convey

21   ITEQ's agreement to conduct credit checks on the listed customers "without direct contact"  (*id.* ¶

22   28) and to "not contact those accounts directly without permissions of Coatek" (*id.* ¶ 31).

23   Nothing in the communications conveys ITEQ's agreement to maintain confidentiality or secrecy

24   regarding any information that Coatek allegedly provided to ITEQ.

25        Likewise, Coatek's allegations that ITEQ has used the "List" to solicit Coatek's customers

26   and interfere with Coatek's business, and that Coatek has suffered actual damages of not less than

27   $1,000,000 (*Compl.* ¶¶ 37, 41, 42) do no more than repeat the legal elements of a § 3426 claim

28

5

under the California UTSA. Coatek does not specify any efforts it undertook to maintain the

secrecy of the information and materials, names no particular customer solicited by ITEQ, and

specifies no sale lost or interfered with by ITEQ as a result of the alleged misappropriation. *See*

*Compl.* ¶¶ 38-49. Glaringly absent from the Complaint is *any* factual support for Coatek's claim

that it has suffered "not less than $1,000,000" in actual damages (*id.* ¶ 42). As a result, Coatek's

allegations do not satisfy the *Twombly* standards of specificity and plausibility and its claim for

misappropriation of trade secrets should be dismissed.

> **2.     Coatek's Allegations that ITEQ's Conduct was Willful and Malicious Lack Specificity.**

In support of its First Cause of Action claiming statutory misappropriation of trade

secrets, Coatek alleges that ITEQ's conduct was "malicious, oppressive, fraudulent, and

despicable" (*Compl.* ¶ 48), entitling Coatek to punitive damages. Coatek, however, merely

parrots these words, failing to provide the "particularity of the circumstances constituting fraud,"

as required by Fed. R. Civ. P. 9(b).

Coatek fails to allege specific facts that support ITEQ being malicious and fraudulent,

entitling Plaintiff to punitive damages and attorneys' fees under Cal. Civ. Code §§ 3426.3(c) and

3426.4 (*Compl.* ¶¶ 48-49). Coatek's failure to state *how* ITEQ's conduct arose to the level of

willfulness and maliciousness renders Coatek's claims for punitive damages and attorneys' fees

unreasonable and baseless.

> **3.     Coatek's Second Cause of Action for Common Law Misappropriation is Preempted and Should Be Dismissed.**

Common law misappropriation actions in California are preempted by the California

UTSA. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc*., 171 Cal. App.

4th 939, 954 (2009) (internal cites omitted) ("At least as to common law trade secret

misappropriation claims, UTSA occupies the field in California."); *Martone v. Burgess*, 2008

U.S. Dist. LEXIS 68434 (N.D. Cal. Aug. 25, 2008), *citing Ali v. Fasteners for Retail, Inc.,* 544 F.

Supp. 2d 1064, 1070 (C.D. Cal. 2008) ("CUTSA preempts common law claims that are based on

misappropriation of a trade secret"). Since the common law of misappropriation has been

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

6

1    preempted by the California UTSA, Coatek's claim lacks a legal basis and therefore should be

2    dismissed.

3         **B.    Coatek's Third Cause Of Action For Breach Of Confidential Relationship**
4              **Should Be Dismissed.**

5         In its barebones Third Count (*Compl.* ¶¶ 55-57), Coatek alleges that ITEQ acquired

6    certain knowledge and information "in confidence," with the "understanding" that it not be

7    disclosed to others. *Id.* ¶ 55.  Coatek's Cause of Action is otherwise silent with respect to these

8    allegations and therefore fails to provide the basis of ITEQ's obligation to maintain

9    confidentiality, and most significantly how and when ITEQ violated that obligation.

10        Under California law, an action for breach of a confidential relationship requires pleading

11   the existence of a "duty of trust" which may be implicit in certain special types of relationships,

12   such as between employers and employees, between masters and servants, and between principals

13   and agents. *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1350-51 (1990)

14   ("The law of confidential relationships governs duties of trust that one is not obligated to assume.

15   Once a person commits himself to a confidential relationship, the law requires him to fulfill the

16   duties attendant to the relationship.  Confidential relations protects the *trust* that is implicit in

17   relationships between employers and employees, between masters and servants, and between

18   principals and agents, rather than the *information* that may pass between these parties") (emphasis

19   in original);  *See also Stansfield v. Starkey*, 220 Cal. App. 3d 59, 77 (1990) (elements of claim are

20   "a confidential relationship, a communication made in confidence, disclosure, and injury").

21        Coatek's Complaint alleges no more than an arms' length contractual relationship with

22   ITEQ, under which Coatek purchased ITEQ's products for sale in North America and managed

23   one U.S. account, *i.e.*, the Sanmina SCI account in the United States. *Compl.* ¶ 13.  Such a

24   relationship does not give rise to any special duties of trust.  *See Balboa, supra.*  Coatek's Third

25   Claim thus fails.

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

7

**C.** **Coatek's Fourth Claim For Inducing Breach Of Contract And Intentional Interference With Actual/Potential Economic Relationships Should Be Dismissed.**

Coatek's Fourth Cause of Action purports to include two separate, although closely related, causes of action: (1) Inducing Breach of Contract and (2) Intentional Interference with Actual/Potential Economic Relationships. Coatek follows the same approach in its Fourth Claim as it does with the others by simply repeating back elements of the claims, having legal conclusions masquerade as substantive factual allegations. It is well-settled that in determining a motion to dismiss, the Court is not bound to accept as true a legal conclusion disguised as a factual allegation. *Papasan*, 478 U.S. at 286 ("on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation"). The result is two improperly pled claims.

**1.** **Coatek Fails To State a Claim for Inducing Breach of Contract.**

Coatek plainly fails to allege the necessary elements of a claim for inducing a breach of contract by another. "To recover for intentional interference with a contractual relationship, a plaintiff must show '(1) that [it] had a valid and existing contract, (2) that [defendant] had knowledge of the contract and intended to induce its breach, (3) that the contract was in fact breached by [customers], (4) that the breach was caused by [defendant's] unjustified and wrongful conduct, and (5) that [plaintiff] has suffered damage.'" *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1442 (9th Cir. 1993), *citing Charles C. Chapman Building Co. v. California Mart*, 2 Cal. App. 3d 846, 853 (1969).

Importantly, *Coatek does not allege that it had a valid and existing contract with any of the customers on the List*. It alleges only that the listed companies purchased goods and services produced by ITEQ and its competitors (*Compl.* ¶ 22), and that Coatek had "relationships" with those customers, which had a "*reasonable probability* of continued economic benefits" (*id.* ¶¶ 59-60) (emphasis added). This statement does not allege valid and existing contracts.

Coatek also fails to allege that ITEQ *intended* to induce a breach of any contracts. "[I]n an action for inducing breach of contract it is essential that plaintiff plead and prove that the

8

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    defendant 'intended to induce a breach thereof.'" *Seaman's Direct Buying Serv., Inc. v. Standard*

2    *Oil Co.*, 36 Cal. 3d 752, 766 (1984) (citations omitted).

3          The only allegation of intent in Coatek's Complaint is that ITEQ solicited customers "with

4    the intent to injure Coatek and divert the [reasonable probability of continued] economic benefits

5    from Coatek to ITEQ." *Compl.* ¶ 60. These boilerplate allegations do not satisfy the "*intent*"

6    requirement under California law that in an action for inducing breach of contract, the plaintiff

7    must plead that defendant's acts demonstrate an intent to induce a breach of that contract. *See*

8    *Seaman's*, 36 Cal. 3d at 766. In short, the first portion of Coatek's Fourth Cause of Action should

9    be dismissed.

10        **2.**      **Coatek Fails To State a Claim for Intentional Interference with**
     **Actual/Potential Economic Relationships.**

11

12         Coatek fares no better on the second part of its Fourth Claim. To prevail on a cause of

13   action for intentional interference with prospective economic advantage, plaintiff must plead "an

14   independently wrongful act" and "that the defendant acted either with the desire to interfere or the

15   knowledge that interference was certain or substantially certain to occur as a result of its action."

16   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1164-65 (2003). Coatek must

17   plead the existence of actual or potential economic relationships between Coatek and the listed

18   companies with *probable* future economic benefit (that is, more than a speculative expectation),

19   *ITEQ's knowledge* of the economic relationships, ITEQ's intentionally wrongfully acts designed

20   to disrupt, an *actual disruption*, and proximate causation. *Id.* Here, however, Coatek's

21   Complaint clearly alleges that the List would have been provided to ITEQ, if at all, for use in

22   deciding whether to "extend protection," conduct credit checks and approve credit limits. *Compl.*

23   ¶ 28. In other words, there was no indication *to ITEQ* in the communications cited in the

24   Complaint that Coatek had an ongoing economic relationship with the listed companies, only that

25   Coatek *wanted to pursue* such relationships, *if* ITEQ was willing to provide essential financial

26   backing. Coatek does not, therefore, allege that ITEQ knew about any ongoing economic

27   relationships; rather, Coatek alleges that ITEQ understood that Coatek did *not* have relationships

28   with these companies due to economic issues.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

9

Moreover, Coatek's minimal allegations with respect to ITEQ's alleged actions to interfere with ongoing and potential economic relationships again merely repeat the elements of the claim and do not support those elements with plausible factual allegations. *See Compl.* ¶¶ 59-62. For example, in the entirety of its Complaint, Coatek does no more than speculate that the alleged relationships would yield economic benefits, nor specify any loss of actual or prospective Coatek customers due to ITEQ's alleged interference. As a result, the claim must fail.

**D.** **Coatek's Fifth Cause Of Action For Statutory Unfair Competition And Trade Practices Fails To State A Claim.**

Coatek again attempts to combine two counts into one Cause of Action: (1) California Business and Professions Code § 17200 and (2) California Business and Professions Code § 17000. Once again, Coatek's effort to transform legal conclusions into facts is transparent and unsuccessful.

**1.** **Coatek Fails To State a Claim for Violation of California Business and Professions Code § 17200.**

Coatek attempts to escape the obligation to set forth its claim under § 17200 with reasonable specificity, failing to identify the particular subsection of the statutory scheme ITEQ allegedly violated and to describe with any reasonable particularity the facts supporting violation, which it must do. *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) (citing cases) (plaintiff alleging unfair business practices must "state with reasonable particularity the facts supporting the statutory elements of the violation."). *See also Whitty v. First Nationwide Mortg. Corp.*, 2006 U.S. Dist. LEXIS 87242, at *16-17 (S.D. Cal. Dec. 1, 2006), *infra*. As a result, ITEQ submits, this claim fails.

In particular, Coatek's allegation that "[ITEQ's] conduct is unlawful and unfair" (*Compl.* ¶ 66) is sorely lacking in sufficient specificity. Coatek's failure to allege how ITEQ's conduct is unlawful – that is, "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made" (*Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.*), 476 F.3d 665, 675 (9th Cir. 2007)) – is fatal to its § 17200 claim. *See Khoury*, 14 Cal. App. 4th at 619 ("The complaint does not describe the manner in which respondent's

10

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

practice is 'unlawful.'"). Likewise, Coatek does not allege how ITEQ's conduct is unfair. "To support liability under the 'unfair' prong, the conduct must either (1) 'offend[] an established public policy or [be] immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers' or (2) be 'tethered to specific constitutional, statutory or regulatory provisions.'" *Sanders v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 6676, at *23-24 (N.D. Cal. Jan. 21, 2009), *citing Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1274 (2006). In short, Coatek's effort to shorthand its § 17200 claim cannot stand, and the cause of action should be dismissed.

### 2. Coatek Fails To State a Claim for Violation of California Business and Professions Code § 17000.

Coatek's Complaint falls well short of satisfactorily alleging a claim under the California Unfair Practices Act, section 17000 *et seq.* of the California Business and Professions Code. Again, Coatek's Complaint says nothing about which subsection of the statute ITEQ allegedly violated (*Compl.* ¶¶ 63-67) and very little about the facts they rely upon for their claim.

As the Southern District of California has held:

> "A plaintiff alleging unfair business practices under these statutes [§§ 17000 and 17200] must state with reasonable particularity the facts supporting the statutory elements of the violation."…. Plaintiffs fail to state what section of the statutory scheme was allegedly violated, and fail to describe with any reasonable particularity facts supporting the violation. Accordingly, the Court grants [defendant's] motion to dismiss [the §§ 17000 and 17200 claims].

*Whitty*, 2006 U.S. Dist. LEXIS 87242, at *16-17, *citing Khoury*, 14 Cal. App. 4th at 619. Coatek's barebones allegations, entirely lacking in legal and factual substance, cannot support a colorable claim for violation of § 17000.

### E. Coatek Is Not Entitled To A Permanent Injunction.

Coatek does not allege all of the elements required to seek a permanent injunction. Under California law:

> [A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the

11

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006).  According to the Supreme Court, a permanent injunction requires actual success on the merits (*Winter v. NRDC, Inc.*, 129 S. Ct. 365, 381 (2008) ("the standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than *actual success*.")), suggesting that a permanent injunction claim in a Complaint is not ripe, and should be dismissed.

Although a permanent injunction is not available at this point, Coatek still does not properly demonstrate any of the four factors listed above.  For example, Coatek does not allege that it has "suffered an irreparable injury"; Coatek's forecasted damages of $1,000,000 (*Compl.* ¶ 42) and request for other damages are evidence that Coatek's injuries, if any, would be reparable. Further, Coatek does not plausibly allege that remedies available at law are *inadequate* to compensate for that injury, alleging only that it "will be extremely difficult to ascertain the amount of compensation that will afford Coatek adequate relief for these injuries." *Id.* ¶ 78.  The level of difficulty in ascertaining compensation does not render compensation inadequate. Finally, the balance of hardships between Coatek and ITEQ is not addressed in the Complaint, nor is the public interest.  Therefore, Coatek's Seventh Cause of Action for a permanent injunction should be dismissed.

**F.      Coatek's Requests For Excessive Relief Must Be Rejected.**

Coatek's Prayer for Relief requests equitable relief in the form of a temporary restraining order, as well as preliminary and permanent injunction.[1]  Under California law:

[T]rial courts should evaluate two interrelated factors when deciding whether or not to issue a preliminary injunction. The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the injunction were denied as compared to the harm that the defendant is likely to suffer if the preliminary injunction were issued.

---

[1]  Should Coatek refile its Motion for Preliminary Injunction with this Court that it filed in the state proceeding before removal, ITEQ will address Coatek's arguments in full in its opposition to that Motion.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  *Hilb v. Robb*, 33 Cal. App. 4th 1812, 1819 (1995), *citing IT Corp. v. County of Imperial*, 35 Cal.

2  3d 63, 69-70 (1983). *See also Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (same);

3  *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. Cal. 1985) (same);

4  *Nelson v. Avondale Homeowners Assn.,* 172 Cal. App. 4th 857, 861 (2009) (same); *ABBA*

5  *Rubber*, 235 Cal. App. 3d 1 (court elaborated on the above standard for preliminary injunction).

6  In *Hilb*, the appellate court held that the trial court abused its discretion in issuing a

7  preliminary injunction precluding defendant from using plaintiff's customer lists and other

8  customer information. Even assuming the customer lists and other client information in *Hilb*

9  constituted trade secrets, the evidence did not support the conclusion that defendant misused

10  them, so the trial court could not have properly found a likelihood of success on the part of the

11  plaintiff. *Hilb*, 33 Cal. App. 4th at 1822.

12  Similarly here, Coatek has not alleged facts that show a likelihood of success at trial. As

13  discussed above, Coatek does not allege that it transmitted the List, forecasts or purchase volume

14  information to ITEQ, that ITEQ knew about the confidential nature of the materials; and that

15  ITEQ misused the information. Thus, Coatek has not satisfactorily pled that the materials alleged

16  to be trade secrets are, in fact, trade secrets, and ITEQ has misappropriated the materials.

17  Coatek's mere recitation of the elements of California's definition of "trade secret" does not set

18  forth a plausible claim for trade secrets misappropriation. *Twombly*, 550 U.S. at 555 ("a

19  formulaic recitation of the elements of a cause of action will not do [to survive a 12(b)(6) motion

20  to dismiss].").  Accordingly, its trade secrets claims – one insufficient, the other preempted –

21  should be dismissed.

22  In sum, Coatek's Complaint suffers from a number of fatal defects: failure to plead a

23  fiduciary relationship (Third Cause of Action); failure to plead intent, existence of a valid contract

24  with a third party, or ITEQ's knowledge of an ongoing relationship (Fourth Cause of Action);

25  lack of specificity with respect to its §§ 17000 and 17200 claims (Fifth Cause of Action); and an

26  inability to show likelihood of success on the merits (Sixth Cause of Action). As a result, ITEQ

27  submits that its Motion to Dismiss should be granted and Coatek's Complaint dismissed in its

28  entirety.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

III.   **COATEK'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5).**

A.   **Standard Of Review For Fed. R. Civ. P. 12(b)(5) Motion.**

Coatek, as plaintiff, has the burden of establishing validity of service once ITEQ challenges it by a Rule 12 motion. *Emine Tech. Co. Ltd. v. Aten Int'l Co. Ltd.*, 2008 U.S. Dist. LEXIS 95136, at *3-4 (N.D. Cal. Nov. 21, 2008). Coatek would normally meet this burden by producing the process server's return of service, accepted as *prima facie* evidence that service was effected. *Id.* at *4. Should Coatek provide such a document, unless the return of service contains some defect, ITEQ, as the defendant challenging validity of service, must produce admissible evidence establishing lack of proper service. In that event, Coatek would have to provide evidence showing that service was proper or created an issue of fact that requires an evidentiary hearing to resolve. *Id.* If the court grants a Fed. R. Civ. P. 12(b)(5) motion, it may dismiss the action, or retain it and quash the service. *Id.*

B.   **Coatek's Service Of Process Was Insufficient.**

ITEQ is a Taiwanese corporation. *See Declaration of Kim Chang* ("Chang Decl.") ¶ 8; filed herewith; *Compl.*¶ 8. Accordingly, Coatek's attempt to serve the Complaint and Summons on ITEQ's CEO in Taiwan by U.S. Express Mail delivered to ITEQ's gate guard (*Chang Decl.* ¶ 3) fell well short of any of the acceptable methods for serving foreign corporations under the Federal Rules of Civil Procedure.[2]

Fed. R. Civ. P. 4(h)(2) provides that a foreign corporation may be served in any manner prescribed for service upon individuals in a foreign country set forth in Rule 4(f), except personal delivery. Fed. R. Civ. P. 4(f), Serving an Individual in a Foreign Country, provides:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by

---

[2]  Taiwan is not a signatory to the Hague Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters. *See* http://www.hcch.net/index_en.php?act=states.listing; *Emine*, 2008 U.S. Dist. LEXIS 95136 at *7.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

the Hague Convention on the Service Abroad of Judicial and
Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international
agreement allows but does not specify other means, by a method
that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that
country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory
or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the
individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the
individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as
the court orders.

Fed. R. Civ. P. 4(f)(1) is not applicable since Taiwan is not a signatory to the Hague

Convention or to any other agreements with the United States concerning service of process.  Fed.

R. Civ. P. 4(f)(2)(B) likewise does not apply here, as Coatek attempted to serve ITEQ directly

rather than seeking direction from a Taiwanese authority.  *Chang Decl.* ¶ 5 (Ex. A).  Fed. R. Civ.

P. 4(f)(C)(i) is also irrelevant because Rule 4(h) specifically prohibits personal service upon

foreign corporations.  Fed. R. Civ. P. 4(f)(C)(ii) does not apply because the U.S. Express Mail

envelope indicates that Coatek's *counsel* attempted to effectuate mail service, not the court clerk.

*Chang Decl.* ¶ 5 (Ex. A).   Neither this Court nor the Superior Court of California has directed

service by other means, so Fed. R. Civ. P. 4(f)(3) also has no bearing here.

The sole subsection remaining under which Coatek may argue proper service by U.S.

Express Mail is Rule 4(f)(2)(A), which has two requirements: (1) the method of service must be

reasonably calculated to give notice, and (2) the required method is prescribed by Taiwanese law

for service in Taiwan in an action in Taiwanese courts of general jurisdiction.  *Emine*, 2008 U.S.

Dist. LEXIS 95136, at *7-8.  In *Emine*, a recent California case strikingly similar to the instant

case, the court evaluated the efficacy of the plaintiff's service via international mail, Taiwanese

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   mail, and personal service upon the defendant's receptionist, concluding that none of these

2   methods were proper.

3       The *Emine* court quickly rejected international mail – the only method apparently used

4   here – as improper under Rule 4(f)(2)(A), relying on a long list of federal cases.  2008 U.S. Dist.

5   LEXIS at *9-10 (citing cases).  *See also Brockmeyer v. May*, 383 F.3d 798, 806-08 (9th Cir.

6   2004) (explaining basis for reading Rule 4(f)(2)(A) not to authorize service on foreign defendants

7   by international mail); *Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 U.S. Dist. LEXIS 13132, at *14-

8   15 (N.D. Cal. Feb. 9, 2007) (stating that mail service by court clerk not prohibited by Taiwan law,

9   but quashing service for plaintiff's failure to produce return receipt showing defendant received

10  summons and complaint).

11      The *Emine* court likewise held that service by Taiwan mail – not utilized by Coatek, in

12  any event – to be ineffective under Taiwan law, which requires service of process to be

13  effectuated through the court clerk.  *Emine*, 2008 U.S. Dist. LEXIS at *10-11, *citing* Taiwan

14  Code of Civil Procedure Arts. 123-124.

15      Finally, the court in *Emine* also refused to sanction service by personal delivery to the

16  defendant's receptionist (another method not attempted by Coatek).  The court concluded that

17  Taiwan law authorizes service by personal delivery to an appropriate employee of the entity to be

18  served, but that such service must be administered by the court clerk, not the plaintiff.  *Emine*,

19  2008 U.S. Dist. LEXIS at *12-13.

20      In the instant case, Coatek's sole attempt to serve ITEQ was by a U.S. Express Mail

21  package, mailed by counsel, shipped internationally, addressed to ITEQ's CEO, and delivered to

22  ITEQ's gate guard by the postal carrier.  *See Chang Decl.* ¶¶ 3-6.  Neither Fed. R. Civ. P. 4(f) nor

23  the cases applying the Rule support the propriety of such a method of service of process.  As a

24  result, ITEQ submits that Coatek's Complaint should be dismissed pursuant to Fed. R. Civ. P.

25  12(b)(5).[3]

26  _____

27  [3]  While case law suggests that the Court may quash service rather than dismissing the action
    (*Emine, supra*), ITEQ urges the Court to dismiss.  Coatek's attempt to avoid the time and effort to
    serve ITEQ properly, thus forcing ITEQ to expend valuable resources on the instant Motion and

28  the Notice of Removal, should not be rewarded.

ITEQ'S MOTION TO DISMISS COMPLAINT                    CASE NO. C 09-03514 RS

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**CONCLUSION**

2    For the foregoing reasons, ITEQ respectfully requests that this Court grant the instant

3 motion to dismiss all Coatek's claims with prejudice and grant such other relief as the Court may

4 deem just and proper.

5 Dated: August 7, 2009                          ANDREWS KURTH, LLP

6

7                                          By:  _/s/ Fei-Fei Chao_____
                                                Fei-Fei Chao, Ph.D.
8                                               Thomas R. Kline
                                                1350 I Street NW, Suite 1100
9                                               Washington, D.C. 20005

10

11                                         FENWICK & WEST LLP

12                                              Michael A. Sands (CSB NO. 178788)
                                                Michelle Cai (CBS 238838)
13                                              Silicon Valley Center
                                                801 California Street
14                                              Mountain View, CA 94041

15                                              Attorneys for Defendant
                                                ITEQ CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28

17

ITEQ'S MOTION TO DISMISS COMPLAINT                      CASE NO. C 09-03514 RS

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   MICHAEL A. SANDS (CSB NO. 178788)
    msands@fenwick.com
2   MICHELLE CAI (CSB NO. 238838)
    mcai@fenwick.com
3   FENWICK & WEST LLP
    Silicon Valley Center
4   801 California Street
    Mountain View, CA  94041
5   Telephone:      (650) 988-8500
    Facsimile:       (650) 938-5200
6
7   FEI-FEI CHAO, Ph.D., *pro hac vice*
    feifeichao@andrewskurth.com
8   THOMAS R. KLINE, *pro hac vice*
    thomaskline@andrewskurth.com
9   ANDREWS KURTH LLP
    1350 I Street NW, Suite 1100
    Washington, DC 20005
10  Telephone:      (202) 662-2700
    Facsimile:       (202) 662-2739
11
    Attorneys for Defendant
12  ITEQ CORPORATION

13                         UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15                              SAN JOSE DIVISION

16

17  COATEK, INC.,                          Case No. C 09-03514 RS

18                     Plaintiff,

19       v.                                **[PROPOSED] ORDER GRANTING
                                           DEFENDANT'S MOTION TO DISMISS
20  ITEQ CORPORATION AND DOES 1            COMPLAINT PURSUANT TO FED. R.
    THROUGH 20, INCLUSIVE,                 CIV. P. 12(b)(5) and 12(b)(6)**
21
                       Defendants          Date:        September 16, 2009
22                                         Time:        9:30 a.m.
                                           Courtrm:     4, 5th Floor
23                                         Judge:       Mag. Judge Seeborg

24

25       The motion of defendant ITEQ Corporation ("ITEQ") to dismiss the complaint filed by

26  Plaintiff Coatek, Inc. ("Coatek") pursuant to Federal Rule of Civil Procedure 12(b)(5) and

27  12(b)(6) came on regularly for hearing before this Court on September 16, 2009, in Courtroom 4.

28  Both Plaintiff and Defendant were represented by counsel.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS            1            CASE NO. C 09-03514 RS
COMPLAINT

After full consideration of the briefs in support and opposition thereto, all other papers submitted in connection within, all other matters on file in this action and presented to the Court, and having heard arguments of counsel,

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(5) and 12(b)(6), and the same is hereby GRANTED without further leave to amend; and it is further ORDERED, ADJUDGED, and DECREED that this action be, and the same hereby is, DISMISSED WITH PREJUDICE.

Dated: _____

_____

The Honorable Richard Seeborg
United States Magistrate Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS
COMPLAINT

2

CASE NO. C 09-03514 RS