1   MICHAEL A. SANDS (CSB NO. 178788)
    msands@fenwick.com
2   MICHELLE CAI (CSB NO. 238838)
    mcai@fenwick.com
3   FENWICK & WEST LLP
    Silicon Valley Center
4   801 California Street
    Mountain View, CA  94041
5   Telephone:      (650) 988-8500
    Facsimile:      (650) 938-5200
6
    THOMAS R. KLINE, *pro hac vice*
7   thomaskline@andrewskurth.com
    ANDREWS KURTH LLP
8   1350 I Street NW, Suite 1100
    Washington, DC 20005
9   Telephone:      (202) 662-2700
    Facsimile:      (202) 662-2739
10
    Attorneys for Defendant and Counterclaimant
11  ITEQ CORPORATION

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                         SAN JOSE DIVISION

15

16  COATEK, INC.,                        Case No. C 09-03514 JW

17              Plaintiff,               **DEFENDANT ITEQ CORP.'S ANSWER
                                         TO FIRST AMENDED COMPLAINT AND
18      v.                               COUNTERCLAIMS**

19  ITEQ CORPORATION AND DOES 1          Judge:      Hon. James Ware
    THROUGH 20, INCLUSIVE,               Mag. Judge:  Mag. Judge Patricia Trumbull
20
                Defendant.
21

22  AND RELATED COUNTERCLAIMS

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## ANSWER TO FIRST AMENDED COMPLAINT

2      Defendant ITEQ Corporation ("ITEQ") answers the allegations of Plaintiff Coatek, Inc.'s

3 ("Coatek") First Amended Complaint as follows.

4                                    **THE PARTIES**

5      1.      Admitted, but denied that Coatek has adequately pled that it is a citizen of

6 California.

7      2.      ITEQ admits that Coatek maintains an office in the County of Santa Clara. ITEQ

8 states that it is without sufficient knowledge or information to form a belief as to the remaining

9 allegations in Paragraph 2 of the First Amended Complaint, and therefore denies each and every

10 such allegation.

11      3.      Admitted that ITEQ is a corporation incorporated in Taiwan, with its principal

12 place of business at 22, Kung Yeh 1st Rd., Ping Chem Industrial Zone, Ping Chen, Taoyuan,

13 Taiwan, R.O.C.

14      4.      The allegations of Paragraph 4 of the First Amended Complaint are legal

15 conclusions to which no response is required. To the extent those allegations may be deemed to

16 allege any facts or legal entitlement to the requested relief described by Coatek, ITEQ denies each

17 and every such allegation.

18                              **JURISDICTION AND VENUE**

19      5.      Admitted that ITEQ is a citizen of a foreign state. Admitted that Coatek is a

20 citizen of the State of California, although it has not adequately pled its citizenship. Denied that

21 the amount in controversy exceeds $75,000. The remaining allegations of Paragraph 5 of the

22 First Amended Complaint are legal conclusions to which no response is required. To the extent

23 this paragraph may be deemed to allege any facts or legal entitlement to the requested relief

24 described by Coatek, ITEQ denies each and every such allegation.

25                        **FACTS COMMON TO ALL ALLEGATIONS**

26      6.      ITEQ states that it is without sufficient knowledge or information to form a belief

27 as to the allegations in Paragraph 6 of the First Amended Complaint, and therefore denies each

28 and every such allegation.

1

Fenwick & West LLP
Attorneys At Law
Mountain View

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

7.      ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 7 of the First Amended Complaint, and therefore denies each and every such allegation.

8.      Admitted.

9.      Admitted.

10.     ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 10 of the First Amended Complaint, and therefore denies each and every such allegation.

11.     Admitted.

12.     ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 12 of the First Amended Complaint, and therefore denies each and every such allegation.

13.     Admitted.

14.     Admitted that ITEQ uses UL certification to market its products, otherwise, ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the First Amended Complaint, and therefore denies each and every such allegation.

15.     ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the First Amended Complaint, and therefore denies each and every such allegation.

16.     Denied.

17.     ITEQ denies that Coatek substantially increased ITEQ's market share in the United States.  ITEQ states that it is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 of the First Amended Complaint, and therefore denies each and every such allegation.

18.     ITEQ states that it is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the First Amended Complaint, and therefore denies each and every such allegation.

2

1    19.    Denied.

2    20.    ITEQ states that it is without sufficient knowledge or information to form a belief

3    as to the allegations in Paragraph 20 of the First Amended Complaint, and therefore denies each

4    and every such allegation.

5    21.    The allegations of Paragraph 21 of the First Amended Complaint are legal

6    conclusions to which no response is required.  To the extent those allegations may be deemed to

7    allege any facts or legal entitlement to the requested relief described by Coatek, ITEQ denies each

8    and every such allegation.

9    22.    ITEQ states that it is without sufficient knowledge or information to form a belief

10   as to the allegations in Paragraph 22 of the First Amended Complaint, and therefore denies each

11   and every such allegation.

12   23.    ITEQ states that it is without sufficient knowledge or information to form a belief

13   as to the allegations in Paragraph 23 of the First Amended Complaint, and therefore denies each

14   and every such allegation.

15   24.    ITEQ states that it is without sufficient knowledge or information to form a belief

16   as to the allegations in Paragraph 24 of the First Amended Complaint, and therefore denies each

17   and every such allegation.

18   25.    ITEQ states that it is without sufficient knowledge or information to form a belief

19   as to the allegations in Paragraph 25 of the First Amended Complaint, and therefore denies each

20   and every such allegation.

21   26.    Admitted.

22   27.    Denied.  The terms of the parties' communications speak for themselves.

23   28.    Denied.  The terms of the parties' communications speak for themselves.

24   29.    ITEQ states that it is without sufficient knowledge or information to form a belief

25   as to the allegations in Paragraph 29 of the First Amended Complaint that the LIST has value and

26   is of a sensitive nature, and therefore denies each and every such allegation.  Denied that Coatek

27   demanded formal confirmation of an agreement.  The terms of the parties' communications speak

28   for themselves.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

3

ITEQ'S ANSWER TO FIRST AMENDED COMPLAINT          CASE NO. C 09-03514 JW
AND COUNTERCLAIMS

1    30.    Admitted that ITEQ sent an email attachment to Coatek on or about April 1, 2007.

2 ITEQ denies the remaining allegations of Paragraph 30 of the First Amended Complaint.

3    31.    Denied.  The terms of the parties' communications speak for themselves.

4    32.    Admitted that ITEQ received a customer list from Coatek, but denied that ITEQ

5 received the LIST.  ITEQ denies the remaining allegations in Paragraph 32 of the First Amended

6 Complaint.

7    33.    Denied.

8    34.    Denied.

9    35.    Admitted that ITEQ terminated all contracts, agreements and authorizations letters

10 between ITEQ and Coatek in May 2009.  ITEQ denies the remaining allegations of Paragraph 35

11 of the First Amended Complaint.

12    36.    ITEQ states that it is without sufficient knowledge or information to form a belief

13 as to the allegations in Paragraph 36 of the First Amended Complaint, and therefore denies each

14 and every such allegation.

15    37.    Admitted that items in the inventory need to be replaced before the expiration of

16 effective dates.  ITEQ denies the remaining allegations of Paragraph 37 of the First Amended

17 Complaint.

18    38.    ITEQ states that it is without sufficient knowledge or information to form a belief

19 as to the allegations in Paragraph 38 of the First Amended Complaint, and therefore denies each

20 and every such allegation.

21    39.    Admitted.

22    40.    Denied.

23    41.    Denied.

24          **FIRST, SECOND AND THIRD CAUSES OF ACTION**

25    42-63.  The First, Second and Third Causes of Action were dismissed with prejudice by

26 Court Order dated March 3, 2010 [Dkt. No. 35].   Accordingly, Paragraphs 42-63 require no

27 response.  To the extent Paragraphs 42-63 may be deemed to require a response, ITEQ denies

28 each and every allegation in those Paragraphs.

4

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**FOURTH CAUSE OF ACTION**
**Breach of Express Contract**

64.    ITEQ repeats and incorporates by reference its answers to Paragraphs 1-63 of Coatek's First Amended Complaint.

65.    Denied.  The terms of the parties' communications speak for themselves.

66.    Denied.

67.    Denied.

68.    Denied.

ITEQ denies any allegations not admitted or qualified, above.  ITEQ denies that Coatek is entitled to the relief prayed for or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

1.    Coatek fails to state a claim against ITEQ upon which relief may be granted.

**SECOND DEFENSE**

2.    Coatek's claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRD DEFENSE**

3.    Coatek's requests for injunctive relief, reasonable royalties, punitive damages, treble damages and attorneys' fees are barred because its claims under CA Civ. Code § 3426, and CA Bus. & Prof. Code §§ 17000 and 17200 were dismissed with prejudice.

WHEREFORE, ITEQ requests:

(i)    that Coatek's Cause of Action for Breach of Express Contract be dismissed with prejudice at Coatek's cost;

(ii)    that all Coatek's requests for relief be denied;

(iii)    that judgment be entered against Coatek;

(iv)    that Coatek be ordered to pay ITEQ's expenses, attorneys' fees and other costs of defending Coatek's First Amended Complaint; and

(v)    that ITEQ be awarded such other relief that this Court deems just and proper.

/ / /

5

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**ITEQ'S COUNTERCLAIMS**

Counterclaim Plaintiff ITEQ Corporation ("ITEQ") states its Counterclaims against Counterclaim Defendant Coatek, Inc. ("Coatek") as follows.

**THE PARTIES**

1.      ITEQ is a corporation incorporated in Taiwan, with its principal place of business at 22, Kung Yeh 1st Rd., Ping Chem Industrial Zone, Ping Chen, Taoyuan, Taiwan, R.O.C.

2.      On information and belief, Coatek is a corporation incorporated in the State of California, with its principal place of business at 2272 Calle De Luna, Santa Clara, California.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a)(2), in that the amount in controversy exceeds $75,000 and the action is between a citizen of the State of California and a citizen of a foreign state.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2).

**FACTUAL ALLEGATIONS**

4.      ITEQ and Coatek had an agreement for ITEQ to provide products to Coatek, and for Coatek to pay for those products.

5.      ITEQ performed under that agreement and provided products to Coatek.

6.      Coatek never paid ITEQ in full for those products, and currently owes ITEQ approximately $96,810.43.

**CLAIM 1 – Breach of Contract**

7.      ITEQ repeats and incorporates by reference Paragraphs 1-6 of its Counterclaims.

8.      ITEQ and Coatek had an agreement for ITEQ to provide products to Coatek and for Coatek to pay for those products.

9.      ITEQ performed under that agreement by providing the products.

10.      Coatek breached the agreement by failing to pay for the products provided by ITEQ.

11.      ITEQ has been damaged in an amount to be proven at trial, but in no event less than $96,810.43.

6

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**CLAIM 2 – Goods Sold and Delivered**

2

12. ITEQ repeats and incorporates by reference Paragraphs 1-11 of its Counterclaims.

3

13. Coatek is indebted to ITEQ in the amount of approximately $96,810.43 for goods

4

sold and delivered to Coatek. On or about May 27, 2009, ITEQ demanded payment from Coatek

5

for the balance then outstanding of $44,092.83.

6

14. Since May 27, 2009, Coatek has made no payment to ITEQ, and there is now due,

7

owing and unpaid the sum of approximately $96,810.43. Coatek has failed to pay the following

8

invoices: ITEQ Invoice Nos. 260-8C0011 to 260-940011 dated April 14, 2009 to August 7, 2009.

9

10
11
12
13
14
15
16
17

| Invoice | Due Date | Amount Due |
|---------|----------|------------|
| 260-8C0011 | 4/14/2009 | $ 4,323.00 |
| 260-8C0012 | 4/16/2009 | $ 9,315.93 |
| 260-8C0016 | 4/22/2009 | $ 150.00 |
| 260-8C0017 | 4/22/2009 | $ 28,550.40 |
| 260-8C0024 | 4/29/2009 | $ 20,598.40 |
| 260-8C0025 | 4/29/2009 | $ 1,989.20 |
| 260-910013 | 5/16/2009 | $ 767.11 |
| 260-920013 | 6/17/2009 | $ 150.00 |
| 260-920014 | 6/17/2009 | $ 12,183.00 |
| 260-920020 | 6/23/2009 | $ 162.24 |
| 260-920022 | 6/24/2009 | $ 2,529.30 |
| 260-930017 | 7/22/2009 | $ 15,838.35 |
| 260-940011 | 8/7/2009 | $ 253.50 |
| | **Total Amount** | $ 96,810.43 |

18

15. ITEQ is entitled pursuant to Civil Code Section 3289 to recover prejudgment

19

interest at the rate of 10% per annum.

20

16. The contract on which this action is one based on a book account, as defined in

21

Section 337a of the Code of Civil Procedure. Civil Code Section 1717.5 provides that in the

22

event legal action is taken to enforce collection, the prevailing party on the contract is entitled to

23

recover reasonable attorney's fees. ITEQ seeks recovery of such reasonable attorney's fees in

24

this action.

25

WHEREFORE, ITEQ prays for judgment against Coatek as follows:

26

1. Damages according to proof;

27

2. Attorneys' fees and costs;

28

3. Prejudgment interest on all amounts claimed; and

7

ITEQ'S ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

CASE NO. C 09-03514 JW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

4.      Such other and further relief as the court considers just and proper.

2

3    Dated: March 17, 2010                    ANDREWS KURTH LLP

4                                             By:  /s/ Thomas R. Kline

5                                             Thomas R. Kline *(pro hac vice)*
                                              1350 I Street NW, Suite 1100
6                                             Washington, DC 20005

7
                                              FENWICK & WEST LLP
8
                                              Michael A. Sands (CSB No. 178788)
9                                             Michelle Cai (CSB No. 238838)
                                              801 California Street
10                                            Mountain View, CA 94041

11                                            Attorneys for Defendant and Counterclaimant
                                              ITEQ CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

8

ITEQ'S ANSWER TO FIRST AMENDED COMPLAINT          CASE NO. C 09-03514 JW
AND COUNTERCLAIMS