MICHAEL A. SANDS (CSB NO. 178788)
msands@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:      (650) 938-5200

THOMAS R. KLINE, *pro hac vice*
thomaskline@andrewskurth.com
ANDREWS KURTH LLP
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone:     (202) 662-2700
Facsimile:      (202) 662-2739

Attorneys for Defendant
ITEQ CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COATEK, INC.,<br><br>                Plaintiff-Counterclaim<br>                Defendant,<br><br>     v.<br><br>ITEQ CORPORATION,<br><br>                Defendant-<br>                Counterclaimant. | Case No.  C 09-03514 JW (PVT)<br><br>**DEFENDANT'S MOTION TO COMPEL RE FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Date:     December 21, 2010<br>Time:    10:00 a.m.<br>Courtrm:  5, 4th Floor<br>Judge:   Hon. Patricia V. Trumbull |

## DECLARATION OF THOMAS R. KLINE

1.    I am a partner with the law firm of Andrews Kurth LLP, attorneys for Defendant-Counterclaimant ITEQ Corporation ("ITEQ").

2.    I am familiar with the facts set forth herein.  The information set forth in this Declaration is true to the best of my knowledge and belief.  I submit this Declaration in support of ITEQ's Motion to Compel pursuant to Fed. R. Civ. P. 37 and Civil L.R. 37.

3.      On April 12, 2010, ITEQ served its First Set of Requests for Production of Documents upon Coatek, Inc.'s counsel by hand.  Attached hereto as Ex. 1 is a true and accurate copy of ITEQ's First Set of Requests for Production.

4.      On April 12, 2010, ITEQ served its First Set of Interrogatories upon Coatek, Inc.'s counsel by hand.  Attached hereto as Ex. 2 is a true and accurate copy of ITEQ's First Set of Interrogatories.

5.      Attached hereto as Ex. 3 is a true and accurate copy of ITEQ's Certificate of Service Via Hand Delivery upon Coatek, Inc.'s counsel for ITEQ's First Set of Interrogatories and ITEQ's First Set of Requests for Production.

6.      On May 21, 2010, I sent a letter to Coatek's counsel asking that Coatek answer and respond to ITEQ's First Set of Interrogatories and First Set of Requests for Production.  Attached hereto as Ex. 4 is a true and accurate copy of my May 21, 2010 letter.  As of the date of this Declaration, Coatek's counsel has not responded to my May 21, 2010 letter.

7.      On November 3, 2010, I sent an email to Coatek's counsel requesting a conference call to discuss Coatek's failure to answer or respond to ITEQ's discovery, in anticipation of ITEQ's moving to compel, pursuant to Civil L.R. 37-1(a).  Attached hereto as Ex. 5 is a true and accurate copy of my November 3, 2010 email.

8.      On November 4, 2010, I left a voice mail with Coatek's counsel following up on my November 3, 2010 email and repeating my request for a conference to resolve the parties' discovery dispute.

9.      As of the date of this Declaration, Coatek's counsel has not responded to my email or voice mail requests for a conference for the purpose of attempting to resolve the instant discovery dispute.

10.      On November 11, 2010, pursuant to this Court's July 30, 2010 Standing Order, I instructed my colleague Eden Burgess to send an email to Coatek's counsel asking whether he was available for a hearing on the instant Motion to Compel on December 20, 2010.  On November 15, 2010, after learning this case had been assigned to Magistrate Judge Trumbull, I

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

WAS:164270.6

KLINE DECLARATION                                              CASE NO. C 9-03514 JW

instructed Ms. Burgess to send a second email to Coatek's counsel asking whether he is available for a hearing on the instant Motion to Compel on December 21, 2010.  Attached hereto as Ex. 6 is a true and accurate copy of Ms. Burgess' November 11 and 15, 2010 emails.  As of the date of this Declaration, Coatek's counsel has not responded to Ms. Burgess' November 11 and 15, 2010 emails.

11.    As of the date of this Declaration, Coatek has not answered ITEQ's First Set of Interrogatories.

12.    As of the date of this Declaration, Coatek has not provided objections, responses or documents responsive to ITEQ's First Set of Requests for Production of Documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November **15**, 2010

Thomas R. Kline

Fenwick & West LLP
Attorneys At Law
Mountain View

# EXHIBIT 1

MICHAEL A. SANDS (CSB NO. 178788)
msands@fenwick.com
MICHELLE CAI (CSB NO. 238838)
mcai@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200

THOMAS R. KLINE, *pro hac vice*
thomaskline@andrewskurth.com
ANDREWS KURTH LLP
1350 I Street NW, Suite 1100
Washington, DC 20005
Telephone:     (202) 662-2700
Facsimile:     (202) 662-2739

Attorneys for Defendant
ITEQ CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COATEK, INC., | Case No. C 09-03514 JW |
| Plaintiff, | **DEFENDANT ITEQ CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| v. | Judge:      Hon. James Ware |
| ITEQ CORPORATION AND DOES 1 THROUGH 20, INCLUSIVE, | Mag. Judge:  Mag. Judge Patricia Trumbull |
| Defendant. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant ITEQ

2  Corporation ("ITEQ") hereby requests that Plaintiff Coatek, Inc. ("Coatek" or "Plaintiff") respond

3  to the following Requests for Production of Documents and Things. All requested documents and

4  things should be produced by Plaintiff for inspection and copying at the offices of FENWICK &

5  WEST LLP, Silicon Valley Center, 801 California Street, Mountain View, California, no later

6  than within thirty (30) days of service thereof. This demand shall be deemed continuing and if

7  Plaintiff or its attorneys shall discover additional documents or things responsive to this demand

8  after the responses thereto are first made, supplemental or amending productions must be

9  promptly made.

10                              **DEFINITIONS AND INSTRUCTIONS**

11    As used throughout this set of Requests for Production of Documents and Things, the

12  following terms have the following meanings:

13    1.    The "First Amended Complaint" means the First Amended Complaint of Coatek in

14  the above-captioned matter.

15    2.    "Communication" or "Communications" shall mean the transmittal of information

16  or anything else (whether in the form of facts, ideas, comments, inquiries, or otherwise) and

17  includes both written Documents and electronic transmissions, including but not limited to

18  electronic   mail   communications,   voice   mail   communications,   and   network-based

19  communications.

20    3.    "Document" or "Documents" are used in the broadest sense contemplated by Rule

21  34 of the Federal Rules of Civil Procedure and include, but are not limited to, the original (or, if

22  the information called for cannot be provided or referred to as the original, then each and every

23  non-identical copy thereof) of any writing, graphic matter or other record in any medium upon

24  which intelligence or information can be recorded or retrieved, of correspondence, notes,

25  interoffice and intraoffice communications, electronic mail, circulars, announcements, directories,

26  declarations, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work

27  papers, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes,

28  minutes of meetings, calendars, schedules, projections, plans, specifications, photocopies, charts,

ITEQ'S FIRST SET OF REQUESTS FOR                    2                    CASE NO. C 09-03514 JW
PRODUCTION

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, transcripts of telephone

2  conversations, sound recordings, and any other retrievable data (whether encoded, taped, punched

3  or coded, electrostatically, electromagnetically, on computer or otherwise), in the possession,

4  custody, or control of Plaintiff, or known to the Plaintiff, wherever located, however produced or

5  reproduced, including any nonidentical copy (whether different from the original because of any

6  alterations, notes, comments, initials, underscoring, indication of routing, or other material

7  contained thereon or attached thereto, or otherwise), and whether a draft or a final version.

8      4.      "Including" shall be construed to mean "without limitation."

9      5.      "Person" shall mean any natural or artificial person, including business entities and

10  other legal entities.

11      6.      "Relate to," "relates to," "relating to," "related to" or "concerning" shall mean

12  pertaining to, supporting, evidencing, contradicting, mentioning, commenting on, connected with,

13  concerning, discussing., describing, analyzing, explaining, showing, reflecting, referring to,

14  dealing with, comprising, consisting of, containing, resulting from, or recording a particular

15  subject in whole or in part, either directly or indirectly.

16      7.      "Retrieved" or "obtained" shall mean transferred, downloaded, viewed, saved,

17  stored, cached, backed up, or otherwise obtained access to, from, or through.

18      8.      "You," "Your," "Coatek" or "Plaintiff" shall mean Plaintiff Coatek, Inc., as well as

19  any subsidiaries, divisions, affiliates, assigns, successors, present and former officers, directors,

20  employees, and agents, partners and resellers, and all other persons acting on Coatek's behalf.

21      9.      "ITEQ" or "Defendant" shall mean Defendant ITEQ Corporation, as well as any

22  subsidiaries, divisions, affiliates, assigns, successors, present and former officers, directors,

23  employees, and agents, partners and resellers, and all other persons acting on ITEQ's behalf.

24      10.      The term "List," when capitalized, shall mean the List as defined in Paragraph 17

25  of the First Amended Complaint.

26      11.      The singular form of a word should be interpreted in the plural as well and vice-

27  versa. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in

28  each case is most appropriate. "And" and "or" shall be construed conjunctively or disjunctively

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    as necessary to make the requests inclusive rather than exclusive. "Any" or "each" should be

2    understood to include and encompass "all."

3        12.    These Requests for Production shall be deemed to seek Documents and things in

4    existence as of the date of service thereof and to the full extent of the Federal Rules of Civil

5    Procedure. These requests are of a continuing nature so that with respect to any request or part

6    thereof as to which ITEQ, after responding, discovers additional or different responsive

7    Documents or things, ITEQ has a duty to produce such Documents or things immediately after

8    acquiring knowledge as to their existence.

9        13.    These requests shall apply to all Documents in Your possession, custody, or

10   control at the present time or that come into Your possession, custody, or control. If You know of

11   the existence, past or present, of any Documents or things requested below, but are unable to

12   produce such Documents or things because they are not presently in

13       14.    Your possession, custody, or control, You shall so state and shall identify such

14   Documents or things, and the Person who has possession, custody, or control of the Documents or

15   things.

16

17       15.    If no Documents or things are responsive to a particular request, You are to state

18   that no responsive Documents exist.

19       16.    For any responsive Documents or tangible things that have been lost, destroyed, or

20   withheld from production based on any ground, You shall provide a written statement setting

21   forth:

22       a.    the identity of the Document;

23       b.    the nature of the Document (e.g., letter, memorandum, chart);.

24       c.    the identity of the Person(s) who received copies of the Document;

25       d.    the date of the Document;

26       e.    a brief description of the subject matter of the Document; and

27       f.    the circumstances of the loss or destruction of the Document and any fact,

28       statute, rule, or decision upon which You rely in withholding the Document.

ITEQ'S FIRST SET OF REQUESTS FOR                4                CASE NO. C 09-03514 JW
PRODUCTION

17.     If You decline to produce any Document or portion thereof based on a claim of privilege or any other claim, provide a privilege log that identifies each Document separately and specifies for each Document at least the following:

a.     the date;

b.     the sender(s) identified by position and entity with which they are employed or associated and, if any sender is an attorney, a statement so stating and, if any sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

c.     the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

d.     the general subject matter of the Document;

e.     the portion(s) of the Document as to which privilege is claimed; and

f.     the type of privilege asserted.

18.     All Documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a Document that is part of a file, docket, or other grouping should be physically produced together with all other Documents from said file, socket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each Document and thing produced in response hereto, You shall identify by set and number the request for production and where applicable, the interrogatory number, in response to which the Document or thing is being produced.

19.     These requests seek all responsive Documents in their original language, and if such original language is not English, these requests also seek all English-language translations that may exist for any such Documents.

20.     You shall keep and produce a record of the source of each Document produced. This shall include the name and location of the file where each Document was located and the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

name of the Person, group, or department having possession, custody or control of each Document.

21.     Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.  Excel spreadsheet documents are to be produced in a native format.  All multimedia files, including but not limited to audio or video files or files incorporating animation, including but not limited to the following formats: mpeg-1, 2, 4, NIP3, wav, rm, mov, and flash files, are to be produced in a native format.

22.     The duty to produce Documents shall not be limited or affected by the fact that the same Document is available through another source.  All Documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to You or any of Your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

23.     If You object to any part of a document request, answer all parts of such document request to which You do not object and, as to each part to which You do object, set forth the specific basis for.  Your objection.

24.     Unless otherwise specified, these requests seek Documents and things crated, dated, prepared or pertaining to the time period beginning on January 1, 2008 through the date of Your response to these requests.

25.     These document requests are continuing.  Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to these requests for production, You are directed, pursuant to Rule 26(e) of the Federal Rule of Civil Procedure, to give timely notice of such Documents and information and to furnish the additional Documents or information to ITEQ without delay.

/ / /

/ / /

/ / /

/ / /

ITEQ'S FIRST SET OF REQUESTS FOR PRODUCTION

6

CASE NO. C 09-03514 JW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**REQUESTS FOR PRODUCTION**

2   1.     The List.

3   2.     All documents concerning the List.

4   3.     All documents, dated between January 1, 2007 and December 4, 2009, concerning lists of

5   Coatek's actual or potential customers shared with ITEQ or Tapco.

6   4.     Communications, dated between January 1, 2007 and December 4, 2009, between ITEQ

7   and Coatek referring or related to the List.

8   5.     Communications, dated between January 1, 2007 and December 4, 2009, with Tapco

9   concerning the List.

10   6.     Communications, dated between January 1, 2007 and December 4, 2009, between ITEQ

11   and Coatek referring or related to lists of Coatek's actual or potential customers.

12   7.     All documents concerning the allegation, in Paragraph 33 of the First Amended

13   Complaint, that "Coatek only released the LIST for the limited purposes identified in the

14   agreement and the email."

15   8.     All documents concerning the allegation, in Paragraph 33 of the First Amended

16   Complaint, that Coatek "expressly conditioned the release upon an agreement by ITEQ to

17   maintain the confidentiality of the LIST."

18   9.     Documents sufficient to identify Coatek's actual and potential customers for ITEQ

19   products.

20   10.    Communications, dated between January 1, 2007 and December 4, 2009, between Coatek

21   on the one hand, and Tapco or other distributors on the other hand concerning the identities of

22   Coatek's actual or potential customers for ITEQ products.

23   11.    Communications, dated between January 1, 2007 and December 4, 2009, between Coatek

24   and Coatek's actual or potential customers concerning ITEQ.

25   12.    Invoices from ITEQ, dated between January 1, 2007 and December 4, 2009.

26   13.    Communications and other documents, dated between January 1, 2007 and December 4,

27   2009, concerning payments from Coatek to ITEQ.

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

14.    Communications and other documents, dated between January 1, 2007 and December 4, 2009, concerning unpaid ITEQ invoices.

15.    Agreements or contracts between ITEQ and Coatek.

16.    Communications and other documents, dated between January 1, 2007 and December 4, 2009, concerning agreements or contracts between ITEQ and Coatek.

17.    All documents concerning the allegation, in Paragraph 36 of the First Amended Complaint, that Coatek is holding approximately $500,000 in ITEQ inventory.

18.    All documents concerning the allegation, in Paragraph 37 of the First Amended Complaint, that because specific ITEQ goods are often sold with other items, inventory needs to be constantly replaced or it has little economic value.

19.    All documents concerning the allegation, in Paragraph 38 of the First Amended Complaint, that the ITEQ inventory currently held by Coatek has little value to Coatek

20.    All documents concerning the allegation, in Paragraph 39 of the First Amended Complaint, that ITEQ has refused to take the inventory back and has demanded payment from Coatek.

21.    All documents concerning the allegation, in Paragraph 40 of the First Amended Complaint, that ITEQ has used the List to solicit Coatek customers with a longstanding economic relationship with Coatek and Coatek customers with actual contracts with Coatek.

22.    All documents concerning the allegation, in Paragraph 41 of the First Amended Complaint, that ITEQ breached the parties' agreement regarding release of the List.

23.    All documents concerning the allegation, in Paragraph 65 of the First Amended Complaint, that pursuant to the parties' agreement, ITEQ agreed that it would not contact any of Coatek's customers without the direct consent of Coatek.

24.    All documents concerning the allegations, in Paragraph 66 of the First Amended Complaint, that ITEQ breached the parties' agreement and is unfairly utilizing Coatek's customer information, customer lists, customer leads, bids, specifications, material lists, business plans, marketing strategies and/or other proprietary information belonging to Coatek.

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

25.   All documents concerning the allegations, in Paragraph 67 of the First Amended Complaint, that Coatek performed all the obligations under the parties' agreement and did not waive any provisions.

26.   All documents concerning the allegations, in Paragraph 67 of the First Amended Complaint, that ITEQ breached the parties' agreement or failed to perform under the parties' agreement.

27.   All documents concerning the allegation, in Paragraph 68 of the First Amended Complaint, that Coatek suffered damages as a result of ITEQ's alleged breach of express contract.

28.   All documents concerning Coatek's allegations that it has suffered damages or losses of any kind.

29.   All documents referenced, referred to or relied upon in the First Amended Complaint.

30.   All documents referenced, referred to or relied upon in answering ITEQ's First Set of Interrogatories.


Dated: April 12, 2010                    FENWICK & WEST LLP


                                         By:  _____

                                         Michael A. Sands (CSB No. 178788)
                                         Michelle Cai (CSB No. 238838)
                                         801 California Street
                                         Mountain View, CA 94041

                                         Attorneys for Defendant
                                         ITEQ CORPORATION


                                         ANDREWS KURTH LLP

                                         Thomas R. Kline (pro hac vice)
                                         1350 I Street NW, Suite 1100
                                         Washington, DC 20005

# EXHIBIT 2

1   MICHAEL A. SANDS (CSB NO. 178788)
     msands@fenwick.com
2   MICHELLE CAI (CSB NO. 238838)
     mcai@fenwick.com
3   FENWICK & WEST LLP
     Silicon Valley Center
4   801 California Street
     Mountain View, CA  94041
5   Telephone:    (650) 988-8500
     Facsimile:    (650) 938-5200
6
     THOMAS R. KLINE, *pro hac vice*
7   thomaskline@andrewskurth.com
     ANDREWS KURTH LLP
8   1350 I Street NW, Suite 1100
     Washington, DC 20005
9   Telephone:    (202) 662-2700
     Facsimile:    (202) 662-2739
10
     Attorneys for Defendant
11  ITEQ CORPORATION

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COATEK, INC., | Case No. C 09-03514 JW |
| Plaintiff, | **DEFENDANT ITEQ CORP.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| ITEQ CORPORATION AND DOES 1 THROUGH 20, INCLUSIVE, | Judge:     Hon. James Ware<br>Mag. Judge:  Mag. Judge Patricia Trumbull |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant ITEQ

Corporation ("ITEQ") hereby requests that Plaintiff Coatek, Inc. ("Coatek" or "Plaintiff") answer

the following Interrogatories in writing and under oath.  Answers should be sent to ITEQ at the

offices of FENWICK & WEST LLP, Silicon Valley Center, 801 California Street, Mountain

View, California, no later than within thirty (30) days of service thereof. This demand shall be

deemed continuing and if Plaintiff or its attorneys shall discover additional information

/ / /

1  responsive to this demand after the answers thereto are first made, supplemental or amending

2  answers must be promptly made.

## DEFINITIONS AND INSTRUCTIONS

4    As used throughout this set of Interrogatories, the following terms have the following

5  meanings:

6    1.    "First Amended Complaint" means the First Amended Complaint of Coatek in the

7  above-captioned matter.

8    2.    "Person" shall mean any natural or artificial person, including business entities and

9  other legal entities.

10    3.    "Relate to," "relates to," "relating to," "related to" or "concerning" shall mean

11  pertaining to, supporting, evidencing, contradicting, mentioning, commenting on, connected with,

12  concerning, discussing., describing, analyzing, explaining, showing, reflecting, referring to,

13  dealing with, comprising, consisting of, containing, resulting from, or recording a particular

14  subject in whole or in part, either directly or indirectly.

15    4.    "You," "Your," "Coatek" or "Plaintiff" shall mean Plaintiff Coatek, Inc., as well

16  as any subsidiaries, divisions, affiliates, assigns, successors, present and former officers,

17  directors, employees, and agents, partners and resellers, and all other persons acting on Coatek's

18  behalf.

19    5.    "ITEQ" or "Defendant" shall mean Defendant ITEQ Corporation, as well as any

20  subsidiaries, divisions, affiliates, assigns, successors, present and former officers, directors,

21  employees, and agents, partners and resellers, and all other persons acting on ITEQ's behalf.

22    6.    The singular form of a word should be interpreted in the plural as well and vice-

23  versa.  Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in

24  each case is most appropriate.  "And" and "or" shall be construed conjunctively or disjunctively

25  as necessary to make the requests inclusive rather than exclusive.  "Any" or "each" should be

26  understood to include and encompass "all."

27    7.    The term "List," when capitalized, shall mean the List as defined in Paragraph 17

28  of the First Amended Complaint.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## INTERROGATORIES

**INTERROGATORY NO. 1**

Identify (a) the date upon which Coatek released the List to ITEQ, (b) the means or format Coatek used to release the List to ITEQ (email, fax, other), (c) the name(s) of the individual at Coatek who released the List, and (d) the individual(s) at ITEQ to whom Coatek released the List.

**ANSWER TO INTERROGATORY NO. 1**

**INTERROGATORY NO. 2**

Describe the contents of the List, including but not limited to: (a) identify the companies, individuals or entities are on the List, (b) explain whether the List includes Coatek's actual customers, Coatek's potential customers, both, or neither, (c) state when the List was compiled by Coatek, and (d) identify, by name and title, which individuals at Coatek were responsible for maintaining the List at the time it was released to Coatek.

**ANSWER TO INTERROGATORY NO. 2**

**INTERROGATORY NO. 3**

State whether the List is the same as the list Coatek filed on or about July 24, 2009 in the Superior Court of California, County of Santa Clara, as Exhibit 1 to the Declaration of Quang Uong in Support of Motion for a Preliminary Injunction (Under Seal).

ITEQ'S FIRST SET OF INTERROGATORIES                3                CASE NO. C 09-03514 JW

1   **ANSWER TO INTERROGATORY NO. 3**

2

3

4

5

6   **INTERROGATORY NO. 4**

7   Identify, by name and title, which individuals at Coatek have been responsible for maintaining or

8   updating the List.

9   **ANSWER TO INTERROGATORY NO. 4**

10

11

12

13  **INTERROGATORY NO. 5**

14  Describe how ITEQ is unfairly utilizing Coatek's customer information, customer lists, customer

15  leads, bids, specifications, material lists, business plans, marketing strategies and/or other

16  proprietary information belonging to Coatek, as alleged in Paragraph 66 of the First Amended

17  Complaint.

18  **ANSWER TO INTERROGATORY NO. 5**

19

20

21

22

23

24  **INTERROGATORY NO. 6**

25  Describe how ITEQ has used the List to solicit Coatek customers with a longstanding economic

26  relationship with Coatek and those customers with actual contracts with Coatek, as alleged in

27  Paragraph 40 of the First Amended Complaint.

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    **ANSWER TO INTERROGATORY NO. 6**

2

3

4

5    **INTERROGATORY NO. 7**

6    Identify Coatek's actual and potential customers solicited or contacted by ITEQ.

7    **ANSWER TO INTERROGATORY NO. 7**

8

9

10

11    **INTERROGATORY NO. 8**

12    Identify or describe how You learned about the solicitation or contact of the customers listed in

13    Your answer to Interrogatory No. 7.

14    **ANSWER TO INTERROGATORY NO. 8**

15

16

17

18    **INTERROGATORY NO. 9**

19    Describe the terms of the agreement entered into between ITEQ and Coatek, as alleged in

20    Paragraph 27 of the First Amended Complaint.

21    **ANSWER TO INTERROGATORY NO. 9**

22

23

24

25

26    **INTERROGATORY NO. 10**

27    Identify or describe the basis for the allegation that Coatek performed all the obligations under the

28    parties' agreement, as alleged in Paragraph 67 of the First Amended Complaint.

ITEQ'S FIRST SET OF INTERROGATORIES          5          CASE NO. C 09-03514 JW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**ANSWER TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11**

Identify or describe the basis for the allegation that ITEQ breached the parties' agreement or failed to perform under the parties' agreement, as alleged in Paragraph 67 of the First Amended Complaint.

**ANSWER TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12**

Identify or describe the basis for the allegation that because specific ITEQ goods are often sold with other items, inventory needs to be constantly replaced or it has little economic value, as alleged in Paragraph 37 of the First Amended Complaint.

**ANSWER TO INTERROGATORY NO. 12**

**INTERROGATORY NO. 13**

Identify or describe the basis for the allegation that the ITEQ inventory currently held by Coatek has little value to Coatek, as alleged in Paragraph 38 of the First Amended Complaint.

**ANSWER TO INTERROGATORY NO. 13**

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**INTERROGATORY NO. 14**

Identify or describe the basis for the allegation that once Coatek developed customers, ITEQ would instruct Coatek to leave the customer alone, as alleged in Paragraph 16 of the First Amended Complaint.

**ANSWER TO INTERROGATORY NO. 14**

**INTERROGATORY NO. 15**

Pursuant to Your allegation in Paragraph 68 of the First Amended Complaint that "Coatek has been damaged in an amount to be proven at trial," state the full amount of money Coatek seeks to recover as damages and describe in detail the manner in which the amount was calculated.

**ANSWER TO INTERROGATORY NO. 15**

**INTERROGATORY NO. 16**

Identify or describe in detail any non-monetary damages or relief Coatek seeks.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  **ANSWER TO INTERROGATORY NO. 16**

2

3

4

5

6  Dated: April 12, 2010

7

8  By: _____

9  Michael A. Sands (CSB No. 178788)
   Michelle Cai (CSB No. 238838)

10  801 California Street
    Mountain View, CA 94041

11  Attorneys for Defendant
    ITEQ CORPORATION

12

13  ANDREWS KURTH LLP

14  Thomas R. Kline *(pro hac vice)*
    1350 I Street NW, Suite 1100
    Washington, DC 20005

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# EXHIBIT 3

1   MICHAEL A. SANDS (CSB NO. 178788)
    msands@fenwick.com
2   MICHELLE CAI (CSB NO. 238838)
    mcai@fenwick.com
3   FENWICK & WEST LLP
    Silicon Valley Center
4   801 California Street
    Mountain View, CA  94041
5   Telephone:    (650) 988-8500
    Facsimile:    (650) 938-5200
6
    THOMAS R. KLINE, *pro hac vice*
7   thomaskline@andrewskurth.com
    ANDREWS KURTH LLP
8   1350 I Street NW, Suite 1100
    Washington, DC 20005
9   Telephone:    (202) 662-2700
    Facsimile:    (202) 662-2739
10
    Attorneys for Defendant
11  ITEQ CORPORATION

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15

16  COATEK, INC.,                    Case No. C 09-03514 JW

17            Plaintiff,             **CERTIFICATE OF SERVICE
                                     VIA HAND DELIVERY**
18       v.
                                     Judge:      Hon. James Ware
19  ITEQ CORPORATION AND DOES 1      Mag. Judge:  Mag. Judge Patricia Trumbull
    THROUGH 20, INCLUSIVE,
20
            Defendant.
21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# CERTIFICATE OF SERVICE

The undersigned declares that:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to this action. My business address is 801 California Street, Mountain View, CA 94041.

On the date set forth below, I served the attached:

1. **DEFENDANT ITEQ CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION; AND**
2. **DEFENDANT ITEQ CORP.'S FIRST SET OF INTERROGATORIES.**

on the party in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Gregory Charles, Esq.
Campeau Goodsell Smith
440 North First Street, Suite 100
San Jose, CA 95112

☐ **U.S. MAIL:** I am familiar with our business practices for collecting and processing of mail for the United States Postal Service. Mail placed by me within the office for collection for the United States Postal Service would normally be deposited with the United States Postal Services that day in the ordinary course of business. The envelope(s) bearing the address(es) above was sealed and placed for collection and mailing on the date below following our ordinary business practices.

☒ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

☐ **BY ELECTRONIC MAIL:** I caused such document(s) to be delivered by electronic mail to the addressee(s).

☐ **BY FACSIMILE:** I caused a copy of such document(s) to be sent via facsimile transmission to the office(s) of the party(s) stated above and was transmitted without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 12, 2010 at Mountain View, California.

Irma Campos

# EXHIBIT 4



1350 I Street, NW
Suite 1100
Washington, DC 20005
202.662.2700 Phone
202.662.2739 Fax
andrewskurth.com

Thomas R. Kline
202.662.2716 Phone
thomaskline@andrewskurth.com

May 21, 2010

**VIA E-MAIL AND FIRST-CLASS MAIL**

Gregory Charles, Esq.
Campeau Goodsell Smith
440 North 1st Street, Suite 100
San Jose, California 95112

   Re: *Coatek v. ITEQ*, Case No. 09-3514

Dear Greg:

   Coatek has not answered ITEQ's First Set of Interrogatories, nor has Coatek responded to or produced documents in response to ITEQ's First Set of Requests for Production, both of which ITEQ served on you by hand on April 12, 2010. Coatek's answers and responses were due on Wednesday, May 12. As discussed, we need this information to assist our client in decision-making with regard to the mediation. I ask you, for the third time, to correct the situation.

        Sincerely,

        */s/ Thomas R. Kline*

        Thomas R. Kline

cc: Michael Sands

Austin  Beijing  Dallas  Houston  London  New York  The Woodlands  Washington, DC

WAS:160521.1

# EXHIBIT 5

**Burgess, Eden**

---

| | |
|---|---|
| **From:** | Kline, Thomas R. |
| **Sent:** | Wednesday, November 03, 2010 1:49 PM |
| **To:** | Gregory Charles |
| **Cc:** | 'Michael Sands'; Burgess, Eden |
| **Subject:** | Coatek v. ITEQ |

Greg:

I would like to set up a telephone call to discuss three matters with you:

1. <u>Settlement</u>.  ITEQ has provided a compromise settlement proposal and have not had any response or counter proposal from your side.

2. <u>30(b)(6) Deposition of Coatek with documents on November 19</u>.  I am shoehorning this deposition in between other events and need to make my travel arrangements. I would like to be certain your client will be appearing and will be bringing his responsive documents.

3. <u>ITEQ Motion to Compel Discovery from Coatek</u>.  With the discovery period winding down, ITEQ will need to compel responses to its first set of interrogatories and its request for production.  Such a motion might also address Coatek's pro forma denials of ITEQ's request for admissions.  I would like to arrange a Local Rule 37-1 telephone conference.

Can you please let me know some times over the next 2-3 days when you would be free to talk.

With many thanks,

Tom

**Thomas R. Kline**
Partner

**Andrews Kurth LLP**
1350 I Street, NW, Suite 1100
Washington, DC 20005
202.662.2716 Phone
202.662.2739 Fax
202.662.2771 Assistant Phone - Diane Ham
thomaskline@andrewskurth.com
vCard | Bio | andrewskurth.com

11/10/2010

# EXHIBIT 6

**Burgess, Eden**

| | |
|---|---|
| **From:** | Burgess, Eden |
| **Sent:** | Monday, November 15, 2010 9:27 AM |
| **To:** | Gregory Charles Esq. (gcharles@campeaulaw.com) |
| **Cc:** | 'Michael Sands'; Kline, Thomas R. |
| **Subject:** | FW: Coatek v. ITEQ |

Dear Mr. Charles,

Judge Ware's clerk informed us that the case has been assigned to Magistrate Judge Trumbull for discovery.  Magistrate Judge Trumbull hears civil motions at 10 am on Tuesdays, so we now intend to notice our Motion to Compel for Tuesday, December 21 at 10 am. Please let me know if that is convenient.

Regards,
Eden Burgess

---

**From:** Burgess, Eden
**Sent:** Thursday, November 11, 2010 9:45 AM
**To:** Gregory Charles Esq. (gcharles@campeaulaw.com)
**Cc:** 'Michael Sands'; Kline, Thomas R.
**Subject:** Coatek v. ITEQ

Dear Mr. Charles,

We are moving to compel answers to Interrogatories and responses to Requests for Production. Would a hearing date on Dec. 20 be convenient for you?

Regards,
Eden Burgess

**L. Eden Burgess**
Associate

**Andrews Kurth LLP**
1350 I Street, NW, Suite 1100
Washington, DC 20005
202.662.3027 Phone
202.974.9542 Fax
202.662.2771 Assistant Phone - Diane Ham
edenburgess@andrewskurth.com
vCard | Bio | andrewskurth.com

11/15/2010